UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS JUSTIN CUELLAR, | No. 1:25-cv-00870-JLT-SAB (PC) |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO REINSTATE THE PROCEEDINGS AND DIRECTING CLERK OF COURT TO REOPEN THE ACTION |
| v. | |
| KEANE ERNST ANRIG, et al., | |
| Defendants. | (Doc. 14) |

Plaintiff filed the instant action on July 16, 2025, pursuant to 42 U.S.C. § 1983.

On November 17, 2025, the Court screened Plaintiff complaint, found that Plaintiff stated cognizable denial of access to the courts claims against Defendants Anrig, Kaleh and Behe, and cognizable retaliation claims against Defendants Kaleh and Villalobos. (Doc. 8.) The Court granted Plaintiff the opportunity to amend the complaint or notify the Court of his intent to proceed only on the cognizable claims. Plaintiff failed to respond to the Court's November 17, 2025 order. Therefore, on January 6, 2026, the Court ordered Plaintiff to show cause why the action should not be dismissed. (Doc. 9.) Plaintiff did not respond to the order to show, and Findings and Recommendations recommending dismissal of the action were filed on January 30, 2026. (Doc. 11.) No objections were filed, and he Findings and Recommendations were adopted in full and the case was dismissed on March 20, 2026. (Docs. 12, 13.)

1

On May 14, 2026, Plaintiff filed the instant motion for reinstate the proceedings. (Doc. 14.)  The Court construes the motion as a motion for reconsideration.

The Court has discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir. 1992). Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. The Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect ... or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). When filing a motion for reconsideration, Local Rule 230(j) requires a party to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

The Court finds good cause to grant Plaintiff reconsideration and reopen this action. Fed. R. Civ. P. 60(b). The case was ultimately dismissed because Plaintiff failed to file an amended complaint or notify the Court of his intent to proceed on the claims found to be cognizable. (Docs. 8, 9, 11.)  Assuming the validity of Plaintiff's contentions that he submitted a notice of intent to proceed and a separate notice to not dismiss the action, this case can now proceed on the claims found to be cognizable.  (ECF No. 14.)  Thus, Plaintiff's motion to reinstate the case shall be granted, and the Court will reopen this action.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to reinstate the proceedings, filed May 13, 2026, (ECF No. 14.) is GRANTED;

2. The Clerk of Court shall reopen this action; and

3. The matter is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   **May 15, 2026**

_UNITED STATES DISTRICT JUDGE_

2